[S. F. No. 10388. In Bank.—February 8, 1923.]

## SAMPSON B. WRIGHT, Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF SONOMA et al., Respondents.

[1] SCHOOLS AND SCHOOL DISTRICTS—BONDS—INJUNCTION TO PREVENT SALE—PLEADING—INSUFFICIENCY OF COMPLAINT.—In an action to restrain the board of supervisors from selling bonds of a city high school district, upon the ground that the election therefor was illegally conducted and the bonds void, where the complaint not only fails to allege that plaintiff is a taxpayer within the high school district, but affirmatively alleges that he is a resident and taxpayer in an elementary common school district and that said district is no part of the high school district, an allegation that plaintiff's land is subject to taxation to meet payment of the bonds is a mere conclusion of law, and a demurrer to the complaint is properly sustained.

APPEAL from a judgment of the Superior Court of Sonoma County. Percy S. King, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. A. Barham and H. W. A. Weske for Appellant.

G. W. Hoyle, District Attorney, for Respondents.

WILBUR, C. J.—Plaintiff brought this action to restrain the board of supervisors from selling bonds of the city of Santa Rosa high school district, claiming that the election authorizing such bonds was illegally conducted and that the bonds were, therefore, illegal and void. A demurrer was interposed to his complaint alleging that the facts stated therein were insufficient to constitute a cause of action; that the plaintiff had not the legal capacity to sue; that the complaint is ambiguous and is also unintelligible because the boundaries of the district cannot be ascertained therefrom; that it does not appear that the plaintiff is a citizen of the United States or that he is in any way interested in the subject of said action. The demurrer was sustained with leave to amend, but the plaintiff declined to amend, and judgment was rendered against him, from which he appeals. It is only

necessary to consider one proposition advanced by the respondents in support of the judgment of the trial court. It affirmatively appears from the complaint that the plaintiff is a resident and taxpayer in the Wright elementary common school district. This district and twenty-four other elementary common school districts are named in the notice of election attached to the complaint. In regard to said elementary school districts the plaintiff alleged "That said 25 Elementary Common School Districts named in said exhibit do not now and never did constitute or form a part of the City of Santa Rosa High School District, nor did either of them."

It was further alleged: "That the said trustees of said City of Santa Rosa High School District are not now, and never were at any time mentioned herein, trustees or representatives of any of the twenty-five elementary common school districts mentioned in Exhibit 'B' attached hereto and that neither of said elementary school districts ever at the time mentioned herein became or formed any part or portion of said City of Santa Rosa High School District and that said trustees never at any time had control of or jurisdiction over or any power or right to function for any of said elementary school districts."

[1] It was thus apparent that plaintiff not only fails to allege that he is a taxpayer within the city of Santa Rosa high school district, but, on the contrary, affirmatively alleges that he is a resident and taxpayer in the Wright elementary common school district, and that said district is no part of the high school district. Under these circumstances the allegation that plaintiff's land is "subject to taxation to meet payment of the bonds hereinafter referred to in this complaint" is a mere conclusion of law.

The attention of the plaintiff was called to the insufficiency of his complaint by the general demurrer and by the specifications therein, and, notwithstanding that fact, he declined to amend. The demurrer was properly sustained.

Judgment affirmed.

Lennon, J., Kerrigan, J., Waste, J., Lawlor, J., Seawell, J., and Myers, J., concurred.